IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22799-CIV-KING

PORFIRIO MENDOZA, ARCADIO
MENDOZA, and others similarly-
situated

      Plaintiffs,

v.

UPTOWN BUFFET, INC., a Florida
corporation, and QIU QING CHEN,
individually

      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON LIABILITY

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment (DE #32), filed June 11, 2010. Defendants have failed to respond to Plaintiffs' motion. After careful consideration and for the reasons detailed below, the Court determines that Plaintiffs' motion should be granted.

### I. Procedural Background

As noted above, Plaintiffs' Motion for Summary Judgment was filed over three months ago, on June 11, 2010. Two weeks later, on June 24, 2010, Defendants moved for an extension of time (DE #33) until July 7, 2010 in which to respond, which this Court subsequently ordered (DE #34). On July 7, 2010, counsel for Defendants moved to withdraw from representation of Defendants, to stay the above-styled matter for 30 days for Defendants to obtain new counsel,

and for additional time for Defendants to respond to Plaintiffs' outstanding motions. (DE #35). The Court granted defense counsel's motion (DE #36) and ordered that the matter be stayed for thirty days, granted Defendants an additional 44 days to respond to Plaintiffs' motions, and cancelled its Scheduling Order. Defendants were therefore required to respond to Plaintiffs' Motion for Summary Judgment by August 22, 2010. (DE #36). As of the time of this Order, Defendants have failed to retain counsel or to respond to Plaintiffs' motion.

## II. Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the

nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

Additionally, it must be noted that, while a litigant is required under the Local Rules of the Southern District of Florida to respond to an opposing party's motion for summary judgment, failure to do so cannot result in a default grant of summary judgment on the movant's behalf. *Kinder v. Carson*, 127 F.R.D. 543 (S.D. Fla. 1989). As noted in *Kinder*, where the Local Rules conflict with the Federal Rules, the Federal Rules control. *Id.* at 544-45. The Federal Rules are clear that summary judgment may only be entered "if appropriate." Fed. R. Civ. P. 56(e). Therefore, even when a non-movant fails to respond to a motion for summary judgment, the record must support any determination made by the court. *Cf. Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989); *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985) (finding default summary judgment improper).

### III. Discussion

Plaintiffs now move for partial summary judgment as to Defendants' liability. In support of their motion, Plaintiffs note that there are no material issues of fact for the following reasons: 1) Defendants admit that Plaintiffs worked at least 65 hours per week during their employment; 2) Defendants concede Plaintiffs were not paid individualized overtime wages, but rather a monthly wage that included food and accommodations.

### A. Defendants Concede Overtime Employment

As noted by Plaintiffs in their motion, Defendants concede that Plaintiffs were employed for 65 hours per week during the course of their employment. (DE #32 at 3-4). In Defendant Uptown Buffet, Inc.'s answers to Plaintiffs' First Set of Interrogatories, Defendants, via Qiu Qing Cheng, President of the corporation, stated that both Plaintiffs worked a total of 65 hours

per week.[1] (DE #32-A at #7). Therefore, there is no dispute that Plaintiffs worked overtime as defined under the Fair Labor Standards Act, 29 U.S.C. 207(a)(1). The only issue remaining is whether Plaintiffs' compensation from Defendants included overtime pay.

### B. Plaintiffs Received No Overtime Compensation

Plaintiffs claim that they were not paid any overtime compensation. As support, Plaintiffs again point to Defendants' response to Plaintiffs' First Set of Interrogatories. In response to Question No. 7, which asked in relevant part for information relating to "the nature of the employment agreement entered into with Plaintiffs ... the discussions as to wages to be earned, [and] the amount of hours to be worked", Defendant Uptown Buffet, Inc. identifies Plaintiffs' compensation:

- A furnished rental apartment during the duration of their employment;
- All meals; and
- Salary of $1,600/month for Plaintiff Porfirio, and $1,400/month for Plaintiff Arcadio.

(DE #32-A at No. 7). It is undisputed that none of the compensation paid by Defendants to Plaintiff was specifically identified as overtime compensation.

Plaintiffs claim that, to the extent that Defendants' attempt to treat accommodations and meal credits as overtime compensation, such treatment is disallowed by the FLSA. (DE #32 at 2). According to Plaintiffs, while some of these types of compensation may be considered in determining a "regular rate" under the FLSA, housing and meals may not be considered overtime compensation. *See* 29 U.S.C. § 207(e) (defining regular rate as including "all remuneration for employment paid to, or on behalf of, the employee"); *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 461 (1948) (holding regular rate is exclusive of overtime payments).

---

[1] It must also be noted that Defendants retained no written records of the hours worked by Plaintiffs. (DE#32-A at 6).

4

Although Defendants have failed to file a response to Plaintiffs' motion, their defense is nonetheless readily apparent. In their interrogatory response, Defendants claimed that "this package was the equivalent of minimum wage plus overtime wages, with a credit to the employer for the furnished apartment within walking distance, food, supplies, etc." *Id.* However, nowhere do Defendants support this claim with evidence of an explicit agreement between Plaintiffs and Defendants that this compensation included overtime pay. Instead, Defendants claim that, during discussions of pay, "[n]one of the parties used the word 'overtime'; the compensation package was understood to include fair compensation for all of the hours." *Id.* at 8.

As noted in *Leonard v. Carmichael Properties & Management Co., Inc.*, 614 F. Supp. 1182 (S.D. Fla. 1985), Section 3(m) of the FLSA permits employers to include the reasonable cost of meals, lodging, and other facilities in employee wages for the purpose of the FLSA. However, the accompanying regulations promulgated by the Secretary of Labor require employers to keep certain records of the cost incurred by such provisions. 29 C.F.R. § 516.27(a). Additionally, the employer must maintain on a weekly basis records reflecting additions to wages or deduction from wages for board, lodging, or other facilities. *Id.* at 516.28(b). The "reasonable cost" of such calculations cannot be "more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. 531.3(a). Furthermore, "[r]easonable cost does not include a profit to the employer or to any affiliated person." 29 C.F.R. 531.3(b).

Although case law on these provisions is not extensive, it does track the provisions of the regulations. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 (11th Cir.1982) ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of

5

reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost"). *Cf. Herman v. Collis Foods, Inc.*, 176 F.3d 912, 919 (6th Cir.1999) (applying regulations to hold that non-itemized records of the average cost of meals provided is sufficient to meet the records keeping and substantiation requirements); *Donovan v. Williams Chem. Co.*, 682 F.2d 185, 189 (8th Cir. 1982) (holding reasonable cost is not more than the actual cost and employers must "keep certain records of the cost incurred in furnishing board, lodging or other facilities" and "showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis").

As the record now stands, Plaintiffs are correct that the value of the housing and meals provided by Defendants cannot be considered as an offset for any overtime wages due Plaintiffs. It is the employer's burden to demonstrate entitlement to credits claimed under Section 3(m). *New Floridian Hotel, Inc.*, 676 F. 2d at 473-76. Quite simply, the record is devoid of any evidence regarding the actual worth of the housing accommodations and the meal allowances. It is clear based on 29 U.S.C. § 203(m)'s inclusion of the definition of wage that any credit for lodging must be considered as part of Plaintiffs' wage and cannot simply be used as a free-standing credit for overtime to be invoked at will whenever Plaintiffs happens to work more than 40 hours a week. *Keun-Jae Moon v. Joon Gab Kwon*, 248 F.Supp.2d 201, 232-33 (S.D.N.Y.2002); *see also* 29 C.F.R. § 531.37(b) (If "deductions are made from the stipulated wage of an employee, the regular rate of pay is arrived at on the basis of the stipulated wage before any deductions have been made. Where board, lodging, or other facilities are customarily furnished as addition to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay"). To the extent that Defendants seek to use the credit in this way, that argument is misplaced and not permitted by the FLSA. Rather, "these benefits were simply part of [Plaintiffs'] regular [monthly] salary, just as the cash and

checks he received every [month] were part of that salary" and Plaintiffs' wages are to be determined as the regular cash value they were paid in addition to the reasonable cost of lodging for that pay period. *Keun-Jae Moon,* 248 F. Supp. 2d at 233. In other words, if Plaintiffs were paid on a monthly basis, their monthly wage is what they receive as compensation, which includes salary, housing, and meals.

Not only have Defendants failed to put forth any evidence supporting their claim of an explicit agreement regarding the inclusion of overtime compensation in Plaintiff's normal pay, Defendants have also failed to introduce any evidence regarding the reasonable cost of the accommodations and meals provided to Plaintiffs. *See Donovan,* 676 F.2d at 475 ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost"). While Section 3(m) of the FLSA permits an employer to include the reasonable costs of meals and lodging in employee wages for purposes of the Act, 29 U.S.C. § 203(m), Defendants have failed to retain necessary records evidencing the cost incurred in furnishing board, lodging or other facilities. 29 C.F.R. § 516.27(a).

## IV.   Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Plaintiffs' Motion for Partial Summary Judgment (DE #32) be, and the same is, hereby **GRANTED**. Plaintiffs shall prepare a partial final summary judgment in accordance with this opinion.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 16th day of September, 2010.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiffs**
**Edilberto O. Marban**
782 NW LeJeune Road
Miami, FL 33126
305-448-9292
Fax: 448-2788
Email: marban@bellsouth.net

**Defendants** *pro se*
Uptown Buffet, Inc.
8300 W. Flagler Street
Unit 121-117
Miami, FL 33144

Qiu Qing Chen
8300 W. Flagler Street
Unit 121-117
Miami, FL 33144